UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CATHY A. BOLDEN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CV-0808 FB (NN) |
| THE WILLOWS DEVELOPMENT | § | |
| CENTER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND RECOMMENDATION
REGARDING JURISDICTION

TO:   Hon. Fred Biery
      United States District Judge

This memorandum addresses jurisdiction in this case.  The District Court referred this case to me on October 11, 2006.[1]  The District Court's order referred all pretrial maters to me for disposition by order or to aid the District Court by recommendation where my authority as a Magistrate Judge is statutorily constrained.  I have jurisdiction to enter this memorandum and recommendation under that order and 28 U.S.C. § 636(b).

On October 2, 2006, plaintiff Cathy Bolden filed a complaint in this case naming The Willows Development Center (Willows) as defendant.  In her complaint, Ms. Bolden explained that she sustained an on-the-job injury while employed by Willows and that she sought monetary compensation to cover her medical bills.  Because the complaint did not identify Ms. Bolden's claims against Willows or the legal basis for her claims, I issued an order explaining the possible bases for federal court jurisdiction and directed Ms. Bolden to show cause why her case should

_____

[1]See docket entry # 7.

not be dismissed for lack of jurisdiction.[2]

Ms. Bolden responded to my order and provided more details about her claims.  In her response, Ms. Bolden indicated that she previously worked for Willows as a security officer.  She explained that she was injured when a faulty window fell out of a building and struck her.  She alleged that Willows was negligent in failing to repair the window and asserted that Willows's negligence caused her bodily injury.  This allegation indicates Bolden is suing Willows for negligence.

Negligence is actionable in state court by proving: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty; and (3) the plaintiff's injuries resulted from the breach.[3]  Negligence is not actionable in federal court unless a basis exists for diversity jurisdiction.  A federal court has diversity jurisdiction over a state law cause of action like negligence where the dispute involves citizens of different states and the amount in controversy exceeds $75,000.00.[4]  Neither Ms. Bolden's complaint nor her response to my show cause order indicates that she and Willows are citizens of different states and neither of those pleadings suggests an amount in controversy.  For damages, Ms. Bolden indicates she seeks payment of the medical bills for treatment of her injuries and compensation for pain and suffering. She states in her motion to proceed in forma pauperis that she does not know how much she owes for medical treatment.  Ms. Bolden has failed to show that the amount in controversy exceeds the jurisdictional amount needed for federal court jurisdiction.

---

[2]*See* docket entry #15.

[3]*See Firestone Steel Prod. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996).

[4]*See* 28 U.S.C. § 1332.

Because Ms. Bolden has not shown that she and Willows are citizens of different states and she has not shown that the amount in controversy exceeds $75,000.00, no basis exists for diversity jurisdiction.  Consequently, this case should be dismissed for lack of federal court jurisdiction.

## Recommendation

For the reasons discussed above, I recommend that the District Court dismiss this case for lack of jurisdiction.  If the District Court accepts this recommendation, the District Court should DENY Willows's motion to dismiss (docket entry #13), to the extent defendant urges dismissal for reasons other than for lack of jurisdiction, as moot.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[5]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**   A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in

---

[5]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

this report shall bar the party from a *de novo* determination by the District Court.[6]  Additionally,

failure to file timely written objections to the proposed findings, conclusions and

recommendations contained in this Memorandum and Recommendation shall bar the aggrieved

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the District Court.[7]

   **SIGNED** on December 28, 2006.


_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

   [6]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

   [7]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).